UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIAM L. WILLIAMSON, | ) | CASE NO. 3:12 CV 227 |
| Petitioner, | )<br>) | JUDGE DAN AARON POLSTER |
| v. | )<br>) | MEMORANDUM OF OPINION |
| EDWARD SHELDON, WARDEN, | )<br>) | AND ORDER |
| Respondent. | ) | |

*Pro se* Petitioner, William L. Williamson, aka Malik Rasheed, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Williamson is currently incarcerated in the Toledo Correctional Institution after his parole was revoked on a technical parole violation.

## Background

Williamson was convicted in Montgomery County, Ohio in 1994 for shooting Tony Reynolds with a sawed-off shot gun in the course of an argument. He was found guilty on two counts of felonious assault and unlawful possession of a dangerous ordinance. He was sentenced to eight years actual incarceration to fifteen years incarceration on each count of felonious assault and three to five years on the dangerous ordinance charge. All sentences were ordered to be served consecutively. In addition, the trial court merged all of the firearm specifications and imposed an additional three year term of actual incarceration, to be served consecutive to the other sentences. *See State v. Williamson*, No. 14947, 1996 WL 132190 (Ohio App. 2 Dist. Mar. 8, 1996).

Williamson was paroled in 2010. Just days after his release, on November 4, 2010, Dayton, Ohio police received a report that Williamson was engaging in lewd behavior. An officer arrived

on the scene to discover Williamson in a state of undress engaging in a sexual act. He became aggressive when police attempted to apprehend him and fought with the officers. Once he was in police custody, he was taken to Grandview Hospital for a 72 hour psychiatric evaluation. His treating physician diagnosed Williamson with a transient psychotic disorder, possibly secondary substance induced. Although the Dayton Police Department Incident Report lists the arresting charges as public indecency, criminal damaging or endangering, inducing panic, and resisting arrest, it does not appear that formal charges against him were pursued.

Instead, Williamson was charged with a technical parole violation for attempting to cause harm to a police officer, resisting lawful arrest, and threatening to kill the police officer. He was given notice of the alleged parole violations on November 16, 2010 and a hearing was scheduled for December 16, 2010. Williamson requested the appointment of counsel and Public Defender Spencer Cahoon was appointed to represent him. The hearing was conducted as scheduled on December 16, 2010 and the Ohio Adult Parole Authority decided to revoke his parole. His next parole hearing date is scheduled for November 2012.

Williamson's attorney filed an appeal of the decision to the Ohio Adult Parole Authority Chief Hearing Officer on December 27, 2010. The Chief Hearing Officer found no prejudicial or case dispositive error in the decision of the hearing officer, and the result was permitted to stand.

Thereafter, Williamson filed this Petition for a Writ of Habeas Corpus. He asserts four grounds for relief:

> 1. I was pink slipped into hospital, due to transient psychotic disorder, treated & released (Nov. 4, 2010). I was given 2 antipsychotic drugs made stable (recommended 72 hour-evaluation). My parole officer charged w/resisting arrest but there is no such record of a resisting arrest, or any other crime-ordinance or otherwise.
>
> 2. There is no booking information available on any crime or charges however my parole officer used a false document to make hearing officer believe I was arrested by local police when I don't even have no charges stemming from Nov. 4, 2010.
>
> 3. The symptoms of the psychotic disorder is what my violations have been on. If I would have knowingly resisted arrest officer

> would have been duty bound to arrest me. I was released from hospital (hours later/same day) where I returned back to the halfway house without any incident. There is no booking info available for the 4th Nov. 2010. I was never detained or arrested.
>
> 4. A.P.A. said I had 4 crimes/charges pending, but there is no such record of any charges being dismissed (or otherwise). There is only verifiable evidence of a crisis, no crime ever occurred therefore, I shouldn't be incarcerated. A.P.A. didn't use accurate knowledge of evidence to determine the fact of a crisis and not a crime. I was pink-slipped into the E.R. by the police office but never arrested or detained.

(ECF No. 1. at 5, 6, 8, and 9).

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

## Analysis

Williamson does not establish that he is entitled to relief under either 28 U.S.C. § 2254(d)(1) or (2). While he lists several arguments as grounds for his Petition, his basic premise appears to be that his parole could not be revoked on a technical violation if he was not criminally prosecuted for the offense. He does not identify in his Petition any federal constitutional right he believes was violated by the Defendants; however, he attaches 26 pages of exhibits to his Petition which include hand-written sheets entitled "Statement of the Case Facts." This document contains that assertion that the Ohio Adult Parole Authority denied Williamson due process in the parole revocation hearing. (ECF No. 1-1 at 21-24). It is not clear whether this document was filed with another document, or whether he intended to include it as a continuation of his Petition. The Court therefore liberally construes the Petition as asserting a claim for denial of due process at his parole revocation

hearing. It also appears Williamson is arguing that the revocation of his parole was based on an unreasonable determination of the facts in light of the evidence presented in the State proceeding. Both of these assertions are insufficient grounds for granting the Writ.

### 1. 28 U.S.C. § 2254(d)(1)

To the extent that Williamson may be attempting to assert a claim for denial of due process, it must be dismissed. The revocation of parole is not part of a criminal prosecution and therefore "the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). Instead, the parolee is entitled to an informal hearing to assure that the finding of a parole violation is based on verified facts and accurate knowledge of the parolee's behavior. *Id.* at 484. The minimum requirements of due process in relation to a parole revocation hearing are: (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking parole. *Id.* at 489. This stage of parole revocation is not equivalent to a criminal prosecution in any sense. *Id.*

Williamson was afforded a full and fair opportunity for a hearing with the minimum requirements of due process as defined by *Morrissey v. Brewer*, 408 U.S. 471 (1972). He was given written notice of the parole violations and the evidence that would be presented against him. Counsel was appointed to represent him at the hearing. He was permitted to call witnesses and introduce evidence. He was permitted to appear in person, with counsel present to confront witnesses. He was furnished with the written findings of the parole board and was permitted to appeal that decision to the Chief Parole Hearing Officer. The Parole Board considered the medical evidence submitted by Williamson and took note that he was not criminally prosecuted.

Nevertheless, the Board still concluded that his behavior violated the terms and conditions of his release. He was given all of the due process that is required prior to the revocation of his parole. The decision of the parole board was not contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. §2254(d)(1).

### 2. 28 U.S.C. § 2254(d)(2)

Williamson also contends that the decision of the parole board resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state proceedings. Williamson's parole officer charged him with the technical parole violation of Rule 1 of the conditions of his release, requiring Williamson to "obey federal, state and local laws and ordinances...and all orders, rules, and regulation of County Common Pleas Court or Department of Rehabilitation and Correction, [and to]...conduct [himself] as a responsible law abiding citizen." (ECF No. 1-1 at 4.) He contends that his parole should not have been revoked because he was not prosecuted for a criminal offense of assaulting a police officer.

The parole board found that Williamson was on a bike path, disrobed, and performing a sexual act. He physically assaulted a police officer who responded to the scene, requiring the Officer to discharge his tazer several times in order to subdue Williamson. He was eventually handcuffed, and placed in the back of the police car. He was transported to the hospital where he again became disorderly. He was diagnosed as having experienced a transient psychotic disorder, possibly secondary substance induced. Although criminal charges were not pursued, the condition of release which Williamson violated (Rule 1) does not require a criminal conviction. It requires only that Williamson be found to have failed to "obey federal, state and local laws and ordinances...and [to] conduct [himself] as a responsible law abiding citizen." (ECF No. 1-1 at 4). The dismissal or the failure to indict on criminal charges does not preclude parole revocation on the same facts if Williamson's behavior violates the terms and conditions of his release. *See Kult v. Sowders*, No. 89-5549, 1989 WL 143038, at *1 (6th Cir. Nov. 28, 1989); *Steinberg v. Police Court of Albany, N.Y.*, 610 F.2d 449, 451-52 (6th Cir.1979). The factual determination of the parole board

was not objectively unreasonable in light of the evidence presented in the State proceeding. 28 U.S.C. §2254(d)(2)

## Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus (ECF No.1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

*/s/Dan Aaron Polster 6/26/12*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE